**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| D.M., etc., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:05cv213-A |
| | ) | |
| MONTGOMERY COUNTY BOARD, | ) | (WO) |
| OF EDUCATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This cause is before the court on a Motion to Dismiss (Doc. # 11) filed by Defendants Felix Tyre and Vivian Jones on June 10, 2005.  The Plaintiffs, D.M. and S.M, minor children by and through their next friend V.M., originally filed a Complaint in this case on March 4, 2005 bringing claims against Defendants for battery (Count I), assault (Count II), hostile educational environment (same sex sexual discrimination against D.M. under Title IX) (Count III), hostile educational environment (sexual discrimination against S.M. under Title IX) (Count IV), negligent and/or wanton hiring (Count V), negligent and/or wanton supervision (Count VI), negligent and/or wanton training, tort of outrage (Count VIII), and Fourteenth Amendment due process violation (pursuant to 42 U.S.C. § 1983) (Count IX).  Defendants Tyre and Jones move this court to dismiss the Title IX claims, Count III and Count IV, against them arguing that individual defendants cannot be held personally liable under Title IX.

On June 15, 2005, this court ordered Plaintiffs to show cause, if any there be, on or before July 6, 2005 why the motion should not be granted.  Plaintiffs failed to respond, and pursuant to the June 15, 2005 Order, the motion was taken under consideration on July 13, 2005

for determination without oral hearing.

Tyre and Jones argue that if Plaintiffs are attempting to assert Title IX claims against them individually, said claims are expressly barred by decisions from both the Supreme Court and the Eleventh Circuit. This court agrees. See Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 287 (1998) (stating that Title IX protects individuals from discriminatory practices carried out by recipients of federal funds); Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999) (holding that individual school officials may not be held liable under Title IX); Floyd v. Waiters, 133 F.3d 786 (11th Cir.), vacated on other grounds by, 525 U.S. 802 (1998), reinstated by, 171 F.3d 1264 (11th Cir. 1999), cert. denied, 528 U.S. 891 (1999) (holding that a "Title IX claim can only be brought against a grant recipient [-- that is, a local school district --] and not an individual.").

There is no allegation that either of the individual Defendants, Tyre and Jones, is a recipient of a federal grant under Title IX who agreed to abide by the conditions placed on federal funds by Title IX. To the extent Plaintiffs are asserting a Title IX claim against Tyre and Jones as individuals, Defendants' Motion to Dismiss is Ordered GRANTED and Count III and Count IV as against Defendant Felix Tyre and Defendant Vivian Jones are hereby DISMISSED.

Done this 18th day of July, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE